UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JUAN H. GARCIA JR.,[1]

        Plaintiff,

-against-

DETECTIVE SCOTT ANASTACIO,
PCT. 115, NORTH BLVD, QUEENS
COUNTY, NY,

        Defendants.
----------------------------------------------------------------x
----------------------------------------------------------------x

JUAN H. GARCIA JR.,

        Plaintiff,

-against-

MR. MIGUEL CARBAJAL DETECTIVE,
DIVISION OF NARCOTICS, PRINCT [SIC]
110, QUEENS COUNTY, NY,

        Defendants.
----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 18 2009
P.M.
TIME A.M.

MEMORANDUM AND ORDER
09-CV-2455 (SLT)

09-CV-2456 (SLT)

TOWNES, United States District Judge.

    Plaintiff, proceeding *pro se*, and currently incarcerated at Rikers Island Correctional Facility, brings these two actions pursuant to 42 U.S.C. § 1983.[2] The Court consolidates these two actions solely for the purpose of this order, and grants plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff is hereby directed to submit an amended complaint within thirty (30) days of the date of this order as detailed below.

---

[1] Plaintiff is also known as "Jesus H. Garcia." See Complaint, Unmarked Exhibits.

[2] The United States District Court for the Southern District of New York transferred these two complaints to this Court by order dated May 29, 2009.

1

## BACKGROUND

This is the fourth and fifth complaint that plaintiff has filed regarding his alleged work as a confidential informant with the New York City Police Department. In Garcia v. Gonzalez, 08-CV-3364 (DLI) and Garcia v. Police Dept., 08-CV-3366 (DLI), the complaints were consolidated, and plaintiff was granted leave to file an amended complaint which complied with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff failed to do so, and the actions were dismissed by order dated May 8, 2009. Plaintiff's complaint, Garcia v. Gonzalez 09-CV-2343 (SLT), is presently pending.

Plaintiff has initially filed all of his complaints with the United States District Court for the Southern District of New York. Since the complaints have involved plaintiff's actions as an informant in Queens, New York, the actions were transferred to this Court. See 28 U.S.C. § 1391(b). The true gravamen of the five complaints that plaintiff has filed thus far is, for the most part, incomprehensible and illegible. Accordingly, it is impossible for this Court to determine if plaintiff is trying to file new complaints or merely seeking to file a responsive or amended complaint pursuant to this Court's prior order.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, the district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). See also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under

2

Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Moreover, because plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings, and must interpret his complaint to raise the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

## LEAVE TO AMEND

Plaintiff's two complaints fall far short of giving the fair notice of the claim as required under Rule 8(a)(2) which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); see also Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. Simmons, 49 F.3d at 86. However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true

3

substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000)).

Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint that complies with Rule 8. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Should plaintiff file an amended complaint, plaintiff must identify, as best he can, the individual defendant(s) who were personally involved in the events that he claims violated his rights. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Moreover, plaintiff must state in a clear and concise manner what each defendant did to violate his constitutional rights. Plaintiff's complaint must be legible. In addition, plaintiff is informed that any complaint where a substantial part of the events giving rise to the claim occurred in Queens County must be filed with this Court, which is located at 225 Cadman Plaza East, Brooklyn, New York 11201.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket numbers as this order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss both complaints pursuant to Fed. R. Civ. P. 8.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
June 17, 2009